# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON S. GATES,<br><br>              Plaintiff,<br><br>    v.<br><br>WARDEN GONZALES, et al.,<br><br>              Defendants. | CASE NO. 1:09-cv-00526 OWW DLB PC<br><br>ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF<br><br>(Docs. 7, 10, 15) |

      Plaintiff Leon S. Gates ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action. On April 2, 2009 and April 10, 2009, Plaintiff filed motions seeking injunctive relief. In his motions, Plaintiff seeks a court order halting all harassment and retaliation by prison officials as well as an order directing prison officials to return his property. Plaintiff further requests that the court send eleven sets of summons to Plaintiff in order to initiate service. (Docs. 7, 10, 15.)

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

1 plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
2 demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
3 Id.

4 Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
5 have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
6 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
7 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
8 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
9 no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has
10 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
11 attempt to determine the rights of persons not before the court." Zepeda v. United States
12 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

13 By order issued September 23, 2009, the Magistrate Judge ordered Plaintiff's complaint
14 dismissed, with leave to amend, for failure to state any claims upon which relief may be granted.
15 Thus, at this point in time, there is no case or controversy before the court, and the court has no
16 jurisdiction to issue any preliminary injunctions. Until and unless the court finds that Plaintiff has
17 stated cognizable claims for relief and the defendants against whom the claims are stated have been
18 served and made an appearance in this action, the court will not have jurisdiction to issue any orders
19 awarding the relief Plaintiff seeks.

20 Based on the foregoing, Plaintiff's motions for preliminary injunctive relief, filed April 2 and
21 10, 2009, are HEREBY ORDERED DENIED.
22 IT IS SO ORDERED.
23 **Dated:   September 25, 2009**            /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE