# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON S. GATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GONZALES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00526-OWW-DLB  PC<br><br>ORDER GRANTING REQUEST TO EXTEND TIME TO FILE AMENDED COMPLAINT<br><br>THIRTY (30) DAY DEADLINE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>OBJECTIONS, IF ANY, DUE IN TWENTY (20) DAYS<br><br>(Doc. 12) |

Plaintiff Leon S. Gates ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 19, 2009, Plaintiff filed a motion requesting: 1) an extension of time to file a motion to extend time; 2) a court order commanding the S.S.A. to provide Plaintiff with his case file, in order for Plaintiff to state his claims fully and fairly; and 3) the Court contact the Warden to inquire into the lack of copying, writing instruments, paper, and envelopes available to inmates.

**I.　Motion to Extend Time**

Plaintiff indicates that he intends to file a motion to extend time to file his amended complaint. The Court treats the instant motion as such a request. Good cause appearing, the request to extend time to file an amended complaint is GRANTED.

Plaintiff's amended complaint is due thirty (30) days from the date of service of this order.

1

**II.    Motion for Court Order and Court Inquiry**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

By order issued September 23, 2009, the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted and ordered Plaintiff to file an amended complaint within thirty days. At this juncture, the Court does not yet have before it an actual case or controversy and has no jurisdiction to issue any preliminary injunctions.

Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's motion for a Court order and a Court inquiry, filed October 19, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 27, 2009**               /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE