# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON S. GATES,<br><br>                Plaintiff,<br><br>    v.<br><br>GONZALES, et al.,<br><br>                Defendants.<br>                                       / | CASE NO. 1:09-cv-00526-OWW-DLB PC<br><br>ORDER GRANTING REQUEST TO EXTEND TIME TO FILE AMENDED COMPLAINT<br><br>SIXTY (60) DAY DEADLINE<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>ORDER DENYING REQUEST FOR STAY OF PROCEEDINGS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>OBJECTIONS, IF ANY, DUE IN TWENTY (20) DAYS<br><br>(Court Docs. 22, 23, 24) |

Plaintiff Leon S. Gates ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 27, 2009 Plaintiff filed a motion requesting: 1) an extension of time to file his amended complaint; 2) a court order commanding the S.S.A. to provide Plaintiff with his case file, in order for Plaintiff to state his claims fully and fairly; and 3) the Court contact the Warden to inquire into the lack of copying, writing instruments, paper, and envelopes available to inmates. On November 4, 2009, Plaintiff filed a motion requesting : 1) an extension of time to file his amended complaint; 2) a court order

1

commanding the S.S.A. to provide Plaintiff with his case file, in order for Plaintiff to state his claims fully and fairly; and 3) reconsideration of the Court's denial of Plaintiff's request for appointment of counsel. On December 4, 2009, Plaintiff filed a motion to stay the proceedings due to his recent release from prison.

## I.     Motion to Extend Time

Plaintiff indicates that he intends to file a motion to extend time to file his amended complaint. The Court treats the instant motions as such a request. Good cause appearing, the request to extend time to file an amended complaint is GRANTED. Plaintiff's amended complaint is due sixty (60) days from the date of service of this order.

Plaintiff's request for a stay of the proceedings is denied. Plaintiff demonstrates no good cause for a stay. Plaintiff's recent release would indicate less restrictions to his ability to submit filings with the Court or to comply with the Court's orders.

## II.     Motion For Appointment of Counsel

Plaintiff requests appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff's dismissed complaint did not demonstrate exceptional circumstances. Plaintiff's motion also does not demonstrate any exceptional circumstances meriting the appointment of counsel. Accordingly, it is HEREBY ORDERED that Plaintiff's request for appointment of counsel is DENIED.

### III. Motion for Court Order and Court Inquiry

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. Sierra On-line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

By order issued September 23, 2009, the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted and ordered Plaintiff to file an amended complaint within thirty days. At this juncture, the Court does not yet have before it an actual case or controversy and has no jurisdiction to issue any preliminary injunctions.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions for preliminary injunctive relief, filed on October 19, 2009 and November 4, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

1 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
2 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:   December 10, 2009**               **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE