## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON S. GATES, | CASE NO. 1:09-CV-00526-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM |
| v. | |
| GONZALES, et al., | |
| Defendants. | (DOC. 33) |
| / | OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendation**

Plaintiff Leon S. Gates ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 20, 2010, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to obey a court order and failure to state a claim. Doc. 33. As of the date of this Findings and Recommendation, Plaintiff has failed to comply or otherwise respond to the Court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.. Ghazali v.*

1

1  *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); *Ferdik v.*
2  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
3  requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
4  1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
5  apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal
6  for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
7  1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

       In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

       In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  Plaintiff was required to show cause by October 10, 2010, and has failed to do so.  Plaintiff was provided several extensions of time to file an amended complaint, but did not.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order expressly stated: "The failure to show cause or otherwise timely respond to this order will result in a recommendation of dismissal of this action for failure to obey a court and failure to state a claim."  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

1     Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's action be
2  DISMISSED for failure to obey a court order and failure to state a claim.  The dismissal should
3  count as a strike pursuant to 28 U.S.C. § 1915(g).
4     These Findings and Recommendations are submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one**
6  **(21) days** after being served with these Findings and Recommendations, the parties may file
7  written objections with the court.  Such a document should be captioned "Objections to
8  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
9  objections within the specified time may waive the right to appeal the District Court's order.
10 *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
11    IT IS SO ORDERED.
12    **Dated:   December 16, 2010**                    **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE

3